**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Scott Spatz as Special Administrator of the Estate of Herbert Spatz, <br><br>                   Plaintiff, <br><br>        v. <br><br> Weyerhaeuser Company, *a corporation*, et al., <br><br>              Defendants. | Case No. 3:16-cv-00726-wmc |

<u>**DEFENDANT 3M COMPANY'S RULE 26(a)(1) INITIAL DISCLOSURES**</u>

Defendant 3M Company ("3M"), submits its Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.  3M reserves the right to amend or supplement these Initial Disclosures in accordance with the Federal Rules of Civil Procedure.  3M also reserves the right to object to the use of any of these disclosures at trial or in any other proceeding in accordance with the Federal Rules of Civil Procedure.

**I.       Preliminary Statement**

These disclosures are based upon information currently available to 3M.  This is a lawsuit in which Plaintiff alleges that Plaintiff's Decedent Herbert Spatz (hereinafter, Plaintiff's Decedent) became ill and died as a result of exposure to asbestos.  Plaintiff's First Amended Complaint, filed June 28, 2017, sets forth general allegations against certain Defendants, and as to 3M, related to respiratory protection products.  Plaintiff's First Amended Complaint makes general reference to the 3M 8710 respirator but does not identify the 3M 8710 respirator, or any other 3M product, as the respiratory protection product that Plaintiff's Decedent allegedly used, and that allegedly caused or contributed to his alleged injuries.  The First Amended Complaint indicates that Plaintiff's Decedent used 3M "masks" at a Weyerhaeuser Company plant in Marshfield, Wisconsin, between approximately 1962 and 2001.  To date, no depositions have been taken in this case and Plaintiff has provided insufficient information regarding Plaintiff's

Decedent's alleged use of a 3M product, if any, the frequency of such alleged use, or the working conditions and other circumstances associated with the alleged use of any such product.

**II.     Individuals likely to have discoverable information that 3M may use to support its claims and/or defenses**

a.     Robert A. Weber, C.I.H., Burlingame Consulting, LLC, 20526 W. Ridge Road, Buckeye, Arizona 85396, (612) 747-3611, and Philip D. Eitzman, 3M Company, 3M Center, St. Paul, Minnesota 55144-1000, (651) 737-3483, are likely to have discoverable information concerning the development, design, testing, function, and marketing of 3M respiratory protection products.

b.     Plaintiff, members of Plaintiff's family, and any persons familiar with Plaintiff's alleged damages.

c.     Plaintiff's Decedent's co-workers and any product identification witnesses including, but not limited to, those that may be designated by Plaintiff.  All or some of those witnesses may be "hostile witnesses" and 3M does not adopt or concede the accuracy or correctness of any testimony by such individual(s).

d.     Any physician or medical provider who examined, treated, or evaluated Plaintiff's Decedent, or with whom Plaintiff consulted, including, but not limited to, those from whom records have been obtained and the records custodians of those providers or consultants.

e.     Any and all supervisors, co-workers, agents, and employees of all employers of Plaintiff's Decedent.

f.     Members of Plaintiff's Decedent's family and any persons familiar with Plaintiff's Decedent's work history and/or his alleged injuries.

g.     Any fact witness designated by any co-defendant, whether or not that co-defendant is still in the case at the time of trial.  3M incorporates by reference

the designations of defense fact witnesses who have been identified in this matter by co-defendants and upon whose testimony 3M intends to rely.

h.      Any person identified by Plaintiff in deposition testimony or any discovery responses.  3M reserves the right to cross-examine any fact witness disclosed by Plaintiff.

i.      Any records custodians (1) for any of Plaintiff's Decedent's employers, (2) for entities on whose premises Plaintiff's Decedent is alleged to have been exposed to asbestos, (3) for the Social Security Administration or other local, state or federal agencies whose records regarding Plaintiff's Decedent may have been obtained, and (4) for schools Plaintiff's Decedent attended.

Discovery in this matter is continuing and 3M reserves the right to supplement and amend this list up to and including the time of trial.

## III.   Documents, data compilations, and things in the possession, custody or control of 3M that 3M may use to support its claims and/or defenses

Although it is unclear what, if any, 3M product is at issue in this case, 3M, in the spirit of cooperation and to facilitate discovery, will produce non-confidential documents concerning the 3M 8500 non-toxic particle mask and the 3M 8710 respirator to Plaintiff's counsel within ten (10) to fifteen (15) business days following service of 3M's Rule 26(a)(1) Initial Disclosures. These documents include administrative and regulatory agency correspondence; advertising, catalogs and brochures; packaging and labeling; patents; quality assurance and other testing; studies and evaluations; technical literature, articles and publications; training and use; workplace protection; and warnings.

3M will produce certain documents concerning the 3M 8500 non-toxic particle mask and the 3M 8710 respirator that are confidential, trade secret, proprietary and/or competitively

sensitive only after entry of an appropriate confidentiality agreement and/or protective order in this matter.

In responding with documents concerning the 3M 8500 non-toxic particle mask and the 3M 8710 respirator, 3M does not concede that Plaintiff's Decedent actually used these products, or any other 3M product, or that any 3M product caused or contributed to Plaintiff's Decedent's alleged injuries.   Plaintiff will be required to introduce competent evidence demonstrating Plaintiff's Decedent's use of an actual 3M product, and that such use of that product caused or contributed to Plaintiff's Decedent's alleged injuries, sufficient to carry his burden of proof at trial.

3M will supplement this disclosure in accordance with the Federal Rules of Civil Procedure and make available the documents and things relating to 3M, and those 3M products that may actually be at issue in this case, if such products are adequately identified by Plaintiff. Certain of the documents and things described above may include confidential or proprietary information, and will be made available only upon entry by the Court of an appropriate protective order.

**IV.     A computation of any category of damages claimed by 3M**

3M is not presently claiming any damages.

**V.     Relevant insurance agreements**

3M's relevant insurance agreements are confidential and competitively sensitive documents which 3M will make available for inspection only upon entry by the Court of an appropriate protective order.   Following entry of an appropriate protective order, these documents will be available for inspection by Plaintiff's counsel at the offices of SEGAL McCAMBRIDGE SINGER & MAHONEY, 233 South Wacker Drive, Suite 5500, Chicago, Illinois 60606, at a mutually agreeable date and time.

Respectfully submitted this 3rd day of October, 2017.

**SEGAL McCAMBRIDGE SINGER & MAHONEY**

 /s/  Jason P. Eckerly _____

Jason P. Eckerly ARDC #6288127
Counsel for Defendant, 3M Company
233 S. Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800  (312) 645-7711 Facsimile
jeckerly@smsm.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on **October 3, 2017**, a copy of the foregoing **DEFENDANT 3M COMPANY'S RULE 26(a)(1) INITIAL DISCLOSURES** was filed electronically through the Court's CM/ECF System.

**SEGAL McCAMBRIDGE SINGER & MAHONEY**

 /s/  Jason P. Eckerly _____
Jason P. Eckerly ARDC #6288127
Counsel for Defendant, 3M Company
233 S. Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800  (312) 645-7711 Facsimile
jeckerly@smsm.com