**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Scott Spatz as Special Administrator of the Estate of Herbert Spatz, <br><br> Plaintiff, <br> v. <br><br> Weyerhaeuser Company, *et al.*, <br><br> Defendants. | Case No. 3:16-cv-00726-wmc |

## PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES

Plaintiff, by and through counsel, provide the following F.R.C.P. 26(a)(1) Initial Disclosures. Plaintiff anticipates that further discovery will be necessary, and as such, reserves the right to supplement these responses as necessary. Plaintiff adopts and incorporates by reference any 26(a)(1) or 26(a)(2) disclosure made by Plaintiffs represented by Cascino Vaughan Law Offices ("CVLO") in litigation involving the door plant owned by Weyerhaeuser Company in Marshfield, Wisconsin. Plaintiff also adopts and incorporate by reference any 26(a)(1) disclosures made by any defendant.

**A.    Individuals that are Likely to Have Discoverable Information**

Plaintiff identifies the following individuals as likely to have discoverable information concerning claims or defenses in this matter:

1.    Plaintiff, Scott Spatz.

2.    Herbert Spatz' diagnosing and treating physicians and health care providers – *See* Medical Records previously produced, authorizations provided pursuant to the Records Collection Protocol, and records derived therefrom.

3.    Members of Herbert Spatz' family.

4.    Herbert Spatz' Co-Workers during the relevant time period, including, but not limited to:
      a.    Bob Sydow

       b.      Dennis Konradty
       c.      Ron Koepke
       d.      Cheryl Vick
       e.      Marvin Konradty
       f.      Everette Burt

5.     Testimony of Defendants' employees and/or representatives.

6.     Defendants' past and present employees, designees, and agents.

7.     <u>Weyerhaeuser Site Workers</u>:  On information and belief, the individuals identified in **Exhibit A** (served on defendants via email) worked at the Weyerhaeuser plant in Marshfield during the relevant time period and are likely to have discoverable information about one or more of the following concerning the Weyerhaeuser plant in Marshfield, Wisconsin:  conditions in the plant; the work duties of the Plaintiff's Decedent; the areas where Plaintiff's Decedent worked; Plaintiff's Decedent's claimed exposures – work related and non-work related; use of paper masks or other personal protective equipment; emissions or release of fibers occurring in the community from plant operations; collection, removal, transport, and dumping of scrap and waste; engineering control systems (e.g., without limitation, bag houses or cyclones) for airborne material, dust, scrap, or waste; lunch time practices and procedures; alleged take home exposure of injured person; use of asbestos at the plant; asbestos abatement; cleaning of the plant's rafters; medical surveillance program; asbestos air monitoring program; plant's physical description and layout; operations conducted at the plant which resulted in the airborne release of asbestos fibers; manufacture of Kaylo doors; manufacture and sale of fire doors; purchase of Kaylo door cores; proximity of the Plaintiff's Decedent to the plant during non-work related activities; visible emissions of dust outside the plant.  Also, any matters in prior testimony, if any.  The individuals identified on Exhibit A may also be used as company witnesses and have discoverable information relating to the subjects listed under (2) Weyerhaeuser Company Witnesses, below.

8.     <u>Weyerhaeuser Company Witnesses</u>:  On information and belief, the individuals identified on **Exhibit B** (served on defendants via email) are likely to have discoverable information about Roddis or Weyerhaeuser regarding one or more of the following subjects:  knowledge of the dangers of asbestos, testing for dangers of asbestos in plant operations and materials used at the plant, instructions for safety measures at the plant, use of substitute materials, release of asbestos fibers into the community, formulas for fire door cores, development of a proprietary fire door core, transport of fibers outside the work place, claims asserted for injuries from asbestos arising from fibers released from plant operations, identity of persons responsible for creating and implementing programs and practices relating to control of asbestos, practices and equipment relating to asbestos dust control and collection, dust control system failures and maintenance, monitoring or testing for workplace or community asbestos exposures, asbestos waste disposal activities, governmental investigations or compliance with governmental regulations relating to asbestos materials and waste. These persons may also have discoverable

information about distribution, storage, and retention of records relating to these issues. The individuals identified on Exhibit B may also be used as site-workers and have discoverable information relating to the subjects listed under (1) Weyerhauser Site Workers, above.

9. <u>Prior Testimony</u>:  Individuals and subjects contained in prior testimony listed on **Exhibit C** (served on defendants via email).

10. Any individual identified, disclosed, or designated by any defendant, including all current or former employees who have testified in asbestos litigation, including prior claims for asbestos related injury, property damage, or insurance coverage related to asbestos claims.

11. Those witnesses and that testimony necessary for rebuttal.

12. Those witnesses and that testimony necessary for the authentication or to otherwise lay foundation for documentary or other evidence.

Plaintiff reserves the right to supplement this disclosure as investigation and discovery are ongoing.

**B.    Documents and Tangible Things**

Plaintiff identifies the following documents, data compilations, and/or other tangible things which may be used to support Plaintiff's claims or defenses, copies of which have previously been produced to Defendants' counsel in other litigation and/or are available as public records and/or, in the alternative, are available for review through counsel for Plaintiff.

1. Kaylo formulation documents produced in Algoma, WI, cases.

2. Documents produced by Manville Personal Injury Trust, Bates range:  CRMC-Weyerhaeuser-000001-000182

3. Documents produced by Weyerhaeuser in the *Rogers* case.

4. Maps & Photos of Marshfield, WI, and the Weyerhaeuser plant.

5. Roddis Newsletters 5/11/1959; 7/14/1959; & 1/18/1960.

6. Jerry Saindon Deposition Exhibits 4/3/2003

7. Jerry Saindon Deposition Exhibits 3/12/2014

8. Documents produced by Wesley Sydow, Bates range:  Sydow_CVLO_4-10-14_1 through Sydow_CVLO_4-10-14_231

9.      All employment and/or union records of Herbert Spatz and relevant family members alleged to cause household exposures, including but not limited to:
      a.     Joseph Spatz

10.     Herbert Spatz' Social Security Administration Records.

11.     All medical records and bills.

12.     Herbert Spatz' Death Certificate.

13.     Funeral and burial expenses.

14.     All relevant business records of Defendants.

15.     The attached list of Scientific Publications and Learned Treatises (**Exhibit D** - served on defendants via email).

16.     All medical, scientific and industrial hygiene articles cited by any of the plaintiff's expert witnesses in these cases.

17.     Defendants' discovery responses in this matter and other matters.

18.     Books, treatises, newspaper articles, magazine articles, advertisements, and other documents pertaining to asbestos or asbestos-related diseases.

19.     Demonstrative exhibits including but not limited to depictions of Defendants' products, depictions of human physiology, and depictions of asbestos.

20.     Curriculum Vitae of Plaintiff's experts.

21.     Exhibits previously disclosed in connection with *Boyer v. Weyerheauser Co., et al.*, 14-cv-00286, W.D. Wis.

22.     Any relevant documents listed on Plaintiff's Exhibit List as to All Defendants (**Exhibit E** - served on defendants via email).

23.     Those exhibits identified by other parties.

24.     Exhibits to any disclosed depositions.

25.     Those exhibits necessary for rebuttal.

26.     Those exhibits necessary for the authentication or to otherwise lay foundation for documentary or other evidence.

27.     Those exhibits necessary to represent rebuttal or impeachment evidence.

28.     Records evidencing the unavailability of witnesses.

29.    All documents produced by Defendant 3M Company in this case, as well as all documents produced by Defendant 3M in other asbestos personal injury or silicosis cases.

30.    Prior testimony of all 3M corporate witnesses who have testified in the past in asbestos or silicosis litigation.

31.    Testimony of any records custodian or any entity necessary to authenticate documents.

Plaintiff reserves the right to supplement this disclosure as investigation and discovery are ongoing.

## C.    Computation of Damages

This is a claim for injuries and death sustained by Plaintiff's decedent, Herbert Spatz, as a result of his exposure to asbestos and asbestos-containing materials.  As a result of his exposure, Decedent contracted mesothelioma and other asbestos-related diseases.  Plaintiff is making a claim for wrongful death, personal injury, pain and suffering, and medical expenses.

Plaintiff seeks to recover damages including but not limited to lost wages, loss earning capacity, medical expenses, funeral and burial expenses, physical pain and suffering, disfigurement, mental pain and suffering, loss of enjoyment of life, loss of consortium, loss of companionship, loss of society, loss of services, loss of support, punitive damages, and all other damages allowed by law.

Plaintiff's attorneys will supplement this disclosure as more information becomes available.

## D.    Insurance Agreements

Not Applicable.

[Signature on Next Page]

Dated:  October 31, 2017

/s/ Meredith K. Clark
John E. Herrick, Esq.
Nathan D. Finch, Esq.
Meredith K. Clark, Esq.
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Phone:  (843) 216-9000
Fax:  (843) 216-9450
jherrick@motleyrice.com
nfinch@motleyrice.com
mkclark@motleyrice.com

Robert G. McCoy, SBN 1054014
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
Phone: 312.944.0600
Fax: 312.944.1870
ecf.cvlo@gmail.com
bmccoy@cvlo.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2017, I electronically filed the foregoing with the Clerk

of Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Meredith K. Clark_____
MOTLEY RICE LLC
Meredith K. Clark, Esq.
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
*Counsel for Plaintiff*